UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID CAREW, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LIFECORE BIOMEDICAL, INC., ALBERT D. BOLLES, JAMES G. HALL, BRIAN MCLAUGHLIN, and JOHN MORBERG,<br><br>Defendants. | Case No. 24-cv-3028 (LMP/JFD)<br><br>**ORDER GRANTING LEAD PLAINTIFF STATUS** |

Robert K. Shelquist, Gregg M. Fishbein, Rebecca A. Peterson, **Lockridge Grindal Nauen PLLP**, Minneapolis, MN; Jeremy A. Lieberman, J. Alexander Hood II, **Pomerantz LLP**, New York, NY, for Plaintiff David Carew.

Carl V. Malmstrom, **Wolf Haldenstein Adler Freeman & Herz LLC**, Chicago, IL; Phillip Kim, Laurence M. Rosen, **The Rosen Law Firm, P.A.**, New York, NY; Brian Schall, **The Schall Law Firm**, Los Angeles, CA, for Plaintiff Hugh Robert Holmes.

Andrew R. Gray, **Latham & Watkins LLP**, Costa Mesa, CA; James K. Langdon, Michael E. Rowe, **Dorsey & Whitney LLP**, Minneapolis, MN, for Defendants.

On July 29, 2024, Plaintiff David Carew filed a putative securities class action on behalf of himself and all others similarly situated, against Lifecore Biomedical, Inc., Albert D. Bolles, James G. Hall, Brian McLaughlin, and John Morberg (collectively "Lifecore"). ECF No. 1. On September 27, 2024, Carew and another individual plaintiff, Hugh Robert Holmes, filed motions seeking to have the Court appoint them as lead plaintiff and appoint their chosen counsel as lead counsel. ECF Nos. 17, 23. On October 4, 2024, Carew and

Holmes (collectively "Movants") filed a joint stipulation, asking the Court to appoint them both as co-lead plaintiffs and to appoint Pomerantz LLP and the Rosen Law Firm as co-lead counsel, and Lockridge Grindal Nauen PLLP as 1iaison counsel.  ECF No. 28.

Under the PSLRA, the Court is required to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When multiple plaintiffs move to be appointed lead plaintiff, the Court must adopt a presumption that the "most adequate plaintiff" is the plaintiff who has: (1) filed the complaint or moved for appointment as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id*. § 78u-4(a)(3)(B)(iii)(I).  Once established, the presumption of the "most adequate plaintiff" can be rebutted only "upon proof by a member of the purported plaintiff class that" the lead plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. § 78u-4(a)(3)(B)(iii)(II).  Once established, the most adequate plaintiff "select[s] and retain[s] counsel to represent the class," pursuant to court approval.  *Id*. § 78u-4(a)(3)(B)(v).

Here, there is no objection to either Carew's or Holmes's qualifications to represent the class as lead plaintiff.  And the Court finds no reason to disagree.  First, Carew and Holmes both "moved for appointment as lead plaintiff.  Second, they both assert significant financial loss.  Indeed, Carew asserts he lost $185,349, ECF No. 19 at 19, and Holmes asserts he lost $311,139, ECF No. 24 at 11. Third, they both assert that they have typical

claims representative of any other class member in that they claim Lifecore violated securities law by making false and misleading statements and inflating their share price as a result. Fourth, they both pledge to adequately and vigorously represent the class as a whole. ECF No. 19 at 21–23; ECF No. 24 at 12–13. Moreover, both have selected counsel with extensive experience litigating securities class actions on behalf of plaintiffs, in this District and elsewhere. *See, e.g.*, *Steamfitters Loc. 449 Pension & Ret. Sec. Funds v. Sleep No. Corp.*, No. 21-CV-2669 (PJS/BRT), 2022 WL 1607306, at *7 (D. Minn. May 20, 2022) (appointing Pomerantz as lead counsel); *Gru v. Axsome Therapeutics, Inc.*, No. 22-CV-3925 (LGS), 2024 WL 230744, at *2 (S.D.N.Y. Jan. 22, 2024) ("This Court has previously determined that both firms are capable of serving as lead counsel."); *Tchatchou v. India Globalization Cap., Inc.*, No. 8:18-CV-03396 (PWG), 2019 WL 1004591, at *9 (D. Md. Feb. 28, 2019) ("There is no dispute that these firms have considerable experience with securities class actions such as this one."). In short, the Court does not doubt that both individual plaintiffs and their respective law firms can adequately represent the class as a whole.

Indeed, instead of competing for status as the lead plaintiff, Movants ask the Court to appoint them as co-lead plaintiffs, asserting that "it is in the putative class's best interest" and pointing out that their respective chosen counsel have worked together "efficiently and successfully" as co-lead counsel in previous cases. ECF No. 28 at 2–3.

Despite the parties' unobjected-to stipulation, the Court has an independent duty to assess whether a co-lead plaintiff structure is appropriate here, as the decision to appoint co-lead plaintiffs is "within the discretion of the [district] [c]ourt." *Miller v. Ventro Corp.*,

3

No. 01-CV-1287 (VKA), 2001 WL 34497752, at *9 (N.D. Cal. Nov. 28, 2001). When considering the question, "[f]ederal courts have reached varying conclusions concerning the propriety of appointing co-lead plaintiffs," *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 418 (S.D.N.Y. 2004). And while there is no "arbitrary limit on the number of proposed lead plaintiffs the Court may appoint," courts nevertheless consider the question on a "case-by-case" inquiry. *Steamfitters*, 2022 WL 1607306, at *6 (internal quotations and citations omitted).

Here, the Court is persuaded that the appointment of co-lead plaintiffs is appropriate. Movants are both individual investors, and "[c]o-lead plaintiffs are particularly appropriate in a case such as this, in which it appears that there are two or more smaller investors with roughly equal interests." *Id.* (internal quotations omitted). Indeed, the Court "does have an interest in managing and maintaining the orderly progression of the case," and appointing co-lead plaintiffs when both are individual investors would protect against "any interruption in the litigation" that might arise should one or the other prove susceptible to individual defenses. *Lusk v. Life Time Fitness, Inc.*, No. 15-CV-1911 (JRT/JJK), 2015 WL 9858177, at *2 (D. Minn. July 10, 2015); *Pirelli*, 229 F.R.D. at 420 (noting that "a co-lead structure here will have the salutary effect of providing greater stability in the prosecution of these consolidation actions, should a decision be reached at some later stage in the litigation that either co-lead plaintiff will not adequately represent the class"). And a co-lead plaintiff structure "will help to ensure that adequate resources and experience are available." *Steamfitters*, 2022 WL 1607306, at *6.

Having approved a co-lead plaintiff structure here, the Court must next consider the Movants' proposed co-lead counsel structure. 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Lusk*, 2015 WL 9858177, at *2 ("In light of this Court's determination that appointment of co-lead plaintiffs would be appropriate, it follows that appointment of co-lead counsel and co-liaison counsel is warranted."). Movants here agree that Pomerantz LLP and the Rosen Law Firm should serve as co-lead counsel, and Lockridge Grindal Nauen PLLP as local liaison counsel. ECF No. 28. The Court is sufficiently persuaded that the chosen counsel is appropriate. Not only do Pomerantz LLP and the Rosen Law Firm have extensive experience litigating securities class actions, but experience doing so together. *See Gru*, 2024 WL 230744, at *2 (approving "Pomerantz and Rosen Law" as co-counsel); *Tchatchou*, 2019 WL 1004591, at *9 (same). Thus, proposed co-lead counsel should be capable of efficiently and effectively managing this litigation.

Nevertheless, the Court is ultimately responsible for protecting the financial interests of the class, and for approving "[t]otal attorneys' fees and expenses." 15 U.S.C.A. § 78u-4. Accordingly, the Court instructs co-lead counsel that they are to work together to ensure that efforts are not duplicated, and that "the use of co-lead counsel does not in any way increase attorney's fees." *Steamfitters*, 2022 WL 1607306, at *7. While the Court is persuaded that co-lead counsel "will be able to efficiently prosecute this litigation with minimal overlap or duplication of effort and expense," co-lead counsel are reminded that the Court will be reviewing carefully the work of counsel and scrutinizing attorneys' fees and expenses submissions "to make sure that there is no unnecessary duplication of work

5

and that efficiency is maximized in the allocation of work among the law firms." *Lusk*, 2015 WL 9858177, at *2.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Carew's Motion to Appoint Counsel and to Appoint David Carew as Lead Plaintiff (ECF No. 17) is **GRANTED** in part;

2. Holmes's Motion to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel (ECF No. 23) is **GRANTED** in part;

3. Carew and Holmes are appointed as co-lead plaintiffs; and

4. Pomerantz LLP and the Rosen Law Firm are approved as co-lead counsel with Lockridge Grindal Nauen PLLP approved as local liaison counsel, provided this case is efficiently prosecuted without overlap or duplication of effort and expense.

5. Pursuant to the Court's prior order (ECF No. 13), the parties must confer within ten business days on a schedule to file a consolidated or amended complaint and for Defendants to respond. The parties must file the schedule with the Court within thirty business days.

Dated: November 15, 2024

s/Laura M. Provinzino
Laura M. Provinzino
United States District Judge