# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID CAREW, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>   v.<br><br>LIFECORE BIOMEDICAL, INC., ALBERT D. BOLLES, JAMES G. HALL, BRIAN MCLAUGHLIN, and JOHN MORBERG,<br><br>   Defendants. | No. 0:24-cv-03028-LMP-EMB<br><br>CLASS ACTION<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between Co-Lead Plaintiffs David Carew and Hugh Robert Holmes (collectively, "Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and Defendants Lifecore Biomedical, Inc. ("Lifecore"), Albert D. Bolles, James G. Hall, Brian McLaughlin, and John Morberg (collectively, "Defendants") on the other, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the District of Minnesota. This Stipulation is intended by the Parties (defined below) to fully, finally, and forever resolve, discharge, and settle the Released Plaintiffs' Claims as against the Released Defendant Parties and the Released Defendants' Claims as against the Released Plaintiff Parties (each of these capitalized terms is defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

1

**WHEREAS:**[1]

A.    On July 29, 2024, a securities class action complaint was filed in the Court, styled *Carew v. Lifecore Biomedical, Inc. et al.*, No. 0:24-cv-03028.

B.    By Order dated November 15, 2024, the Court appointed (i) David Carew and Hugh Robert Holmes as Co-Lead Plaintiffs; and (ii) Pomerantz LLP and The Rosen Law Firm, P.A. as co-lead counsel ("Co-Lead Counsel"). ECF 31.

C.    On January 24, 2025, Plaintiffs filed the operative Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Albert D. Bolles, James G. Hall, Brian McLaughlin, and John Morberg (the "Individual Defendants") under Section 20(a) of the Exchange Act. Plaintiffs asserted such claims on behalf of a class of investors who purchased or otherwise acquired Lifecore securities between October 7, 2020, and March 19, 2024, both dates inclusive (the "Class Period").

D.    On March 25, 2025 Defendants filed a motion to dismiss the Complaint (ECF 48), which Plaintiffs opposed on May 23, 2025. ECF 57.

E.    The Parties began to explore the possibility of a settlement in June 2025 and agreed to engage in mediation. On June 4, 2025, the Parties filed a Joint Stipulation staying the Action pending the proposed mediation. ECF 58. The Parties retained Jed D. Melnick,

---

[1] All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶ 1 hereof entitled "Definitions."

Esq. of JAMS ADR (the Mediator") to act as a mediator in the Action. On July 30, 2025 , the Parties participated in a mediation, and despite good faith efforts, the Parties could not reach a settlement. In advance of that session, the Parties provided mediation statements to the Mediator, which addressed issues of both liability and damages. While these discussions narrowed the differences between Plaintiffs and Defendants, a resolution was not reached on that day. On August 14, 2025, the Parties filed a Joint Status Report updating the Court that the Parties could not reach a settlement and requested that that the Court lift the stay in the action. ECF 62. On September 15, 2025, Defendants filed a reply brief in further support of their motion to dismiss. ECF 67.

F.      Following arm's-length negotiations over the next three months, and the Mediator's proposal, the Parties were able to reach an agreement in principle to settle the Action for $3,750,000, which was memorialized in a Memorandum of Understanding executed and finalized on November 4, 2025, subject to the execution of a definitive and customary stipulation and agreement of settlement and related papers. This Stipulation (together with the exhibits hereto) constitutes the final and binding agreement between the Parties.

G.      Lead Plaintiffs, through Co-Lead Counsel, state that they have conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. Here, Co-Lead Counsel: (i) conducted a comprehensive investigation which included interviews with former employees of Lifecore; (ii) engaged in detailed reviews of Lifecore's U.S. Securities and Exchange Commission ("SEC") filings, press releases, and other publicly available information; (iii)

3

researched the applicable law with respect to the claims asserted in the Action and the potential defenses thereto, in addition to relevant accounting and SEC guidance; (iv) had consultations with experts; (v) prepared and filed multiple complaints; and (vi) engaged in arm's-length settlement negotiations through a neutral mediator.

H.     Lead Plaintiffs believe that the claims and allegations in the Action have merit, and that the information developed to date supports the claims and allegations asserted. However, Lead Plaintiffs and Co-Lead Counsel have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. Co-Lead Counsel also are mindful of the inherent problems of proof and the defenses to the claims alleged in the Action. Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter, and with the advice of their counsel, Lead Plaintiffs have agreed to settle, release and dismiss with prejudice all claims asserted in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (i) the substantial financial benefit that the Settlement Class will receive under the proposed Settlement; and (ii) the significant risks and costs of continued litigation and trial.

I.     Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Each Defendant expressly denies all allegations of

wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action, including, but not limited to, all contentions concerning the business, conduct and public statements of Defendants, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability. Defendants also deny, *inter alia*, the allegations that Settlement Class Members have suffered damages or were otherwise harmed in any way by any of the Defendants or by the conduct alleged in the Action.

      J.      Defendants further assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with applicable rules, regulations, and laws. Accordingly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.   Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of the Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and final dismissal with prejudice and/or release of the Action, as to them, and the Released Claims. Defendants state that they are entering into this Stipulation solely in order to eliminate the burden, expense, uncertainty, and risk of further litigation, and to avoid the business disruptions associated therewith.   Defendants expressly deny that Lead Plaintiffs have asserted any valid claims

as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

NOW THEREFORE, without any concession by Lead Plaintiffs that the Action lacks merit, and without any concession by the Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), that, in consideration of the benefits flowing to the parties hereto, all Released Plaintiffs' Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## DEFINITIONS

1.    As used in this Stipulation, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)    "Action" means the civil action captioned *Carew v. Lifecore Biomedical, Inc. et al.*, No. 0:24-cv-03028, pending in the United States District Court for the District of Minnesota before the Honorable Laura M. Provinzino.

(b)     "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)     "Authorized Claimant" means a Settlement Class Member who submits a valid Claim Form to the Claims Administrator that is accepted by the Court.

(d)     "Claims Administrator" means the firm to be retained by Co-Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Settlement Class Members, to process claim forms, and to administer the Settlement.

(e)     "Class Period" means the period from October 7, 2020, and March 19, 2024, both dates inclusive.

(f)     "Co-Lead Counsel" means Pomerantz LLP and The Rosen Law Firm, P.A.

(g)     "Court" means the United States District Court for the District of Minnesota.

(h)     "Defendants" means Lifecore Biomedical, Inc., Albert D. Bolles, James G. Hall, Brian McLaughlin, and John Morberg.

(i)     "Defendants' Counsel" means the law firms of Latham & Watkins LLP and Dorsey & Whitney LLP.

(j)     "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶ 38 below.

(k)     "Escrow Account" means the separate escrow account that is established at a national banking institution to receive the Settlement Amount for the

7

benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(l)    "Escrow Agent" means Huntington National Bank. The Escrow Agent shall perform the duties set forth in this Stipulation and any order of the Court.

(m)    "Fee and Expense Application" means Co-Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any award to Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) of the PSLRA.

(n)    "Final," when referring to the Final Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms or shall affect or delay the date on which the Final Judgment becomes Final.

(o)    "Final Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(p)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-inlaw, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(q)    "Individual Defendants" means Albert D. Bolles, James G. Hall, Brian McLaughlin, and John Morberg.

(r)    "Lead Plaintiffs" means David Carew and Hugh Robert Holmes.

(s)    "Liaison Counsel" means Cuneo Gilbert & LaDuca, LLP.

(t)    "Mediator" means Jed D. Melnick, Esq. of JAMS ADR.

(u)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees, expenses, and/or awards to Lead Plaintiffs; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees and expenses approved by the Court.

(v)    "Notice" means the long-form Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees, Reimbursement of Expenses, and Awards to Lead Plaintiffs to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

(w)    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, email, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation;

(iv) communicating with Persons regarding the proposed Settlement and claims administration process; and (v) distributing the proceeds of the Settlement.

(x)     "Party" and "Parties" means, individually and collectively, Lead Plaintiffs David Carew and Hugh Robert Holmes, and Defendants Lifecore Biomedical, Inc., Albert D. Bolles, James G. Hall, Brian McLaughlin, and John Morberg.

(y)     "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(z)     "Plaintiffs' Counsel" means Pomerantz LLP, The Rosen Law Firm, P.A., Cuneo Gilbert & LaDuca LLP, and Wolf Haldenstein Adler Freeman & Herz LLC.

(aa)    "Plan of Allocation" means the proposed Plan of Allocation governing the distribution of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(bb)    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(cc)    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release Form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

(dd)    "Released Claims" means the Released Defendants' Claims and Released Plaintiffs' Claims, collectively. "Released Claims" includes "Unknown Claims" as defined in ¶ 1(ss) hereof.

(ee)    "Released Defendant Parties" means Defendants and any persons or entities affiliated or connected with any of them, including all of their respective current and former officers, directors, employees, consultants, accountants, attorneys, insurers, claims administrators, reinsurers, affiliated persons and entities, control persons, sponsors, parents, subsidiaries, beneficiaries, heirs, successors, predecessors, assigns, attorneys, agents, and auditors.

(ff)    "Released Defendants' Claims" means and includes any and all claims, Released Claims, Unknown Claims (as defined herein), liabilities, demands, damages, losses, or causes of action of every nature and description that could have been asserted against any of the Released Plaintiff Parties arising out of, based upon, or relating in any way to the initiation, prosecution, or settlement of the Action. Notwithstanding the foregoing, "Released Defendants' Claims does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

(gg)    "Released Parties" or "Releasing Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(hh)    "Released Plaintiffs' Claims" means and includes any and all claims, Released Claims, and Unknown Claims (as defined herein) that have been or could have been asserted by or on behalf of the Releasing Plaintiff Parties (as defined herein), in any

11

capacity, which arise out of, are based upon, or relate in any way to the purchase, acquisition, sale, disposition or holding of Lifecore securities during the Settlement Class Period, including but not limited to any claims alleged in the Action, and any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, disclosures, representations, statements, omissions, failures to act, or any other matter whatsoever involved, set forth, referred to, or otherwise related, directly or indirectly, to the allegations in the Action. Notwithstanding the foregoing, "Released Plaintiffs' Claims" does not include: (i) claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement; or (ii) claims asserted derivatively on behalf of the Company.

(ii)    "Released Plaintiff Parties" means each and every Settlement Class Member, Plaintiffs, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the Immediate Family, representatives, and heirs of any Released Plaintiff Party who is an individual, in their capacities as such, as well as any trust of which any Released Plaintiff Party is the settlor or that is for the benefit of any of their Immediate Family. Released Plaintiff Parties does not include any Person excluded from the definitions of "Settlement Class" or "Settlement Class Member," including any Person who timely and validly seeks exclusion from the Settlement Class.

(jj) "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(kk) "Settlement Amount" means the total principal amount of three million and seven hundred and fifty thousand U.S. dollars ($3,750,000).

(ll) "Settlement Class" or "Settlement Class Member" means all persons and entities other than Defendants that purchased or otherwise acquired Lifecore securities between October 7, 2020, and March 19, 2024, both dates inclusive, and were damaged thereby. Excluded from the Settlement Class are Defendants, the officers and directors of Lifecore at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, any entity in which Defendants have or had a controlling interest, Legion Partners Asset Management, LLC, Wynnefield Capital, Inc., and 22NW, LP. Also excluded are any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court.

(mm) "Settlement Class Period" means the period between October 7, 2020, and March 19, 2024, both dates inclusive.

(nn) "Settlement Fund" means the Settlement Amount and any interest or income earned thereon.

(oo) "Settlement Hearing" means the hearing to be held by the Court to determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(pp) "Stipulation" means this Stipulation and Agreement of Settlement.

(qq)    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees, Reimbursement of Expenses, and Awards to Lead Plaintiffs for publication, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit A-3.

(rr)    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants). Taxes, if any, shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

(ss)    "Unknown Claims" means and includes any and all Released Claims which any of the Releasing Parties do not know or suspect to exist at the time of the release, which, if known, might have affected the decision to enter into the release or to object or not to object to the Settlement or to seek exclusion from the Settlement Class ("Unknown Claims"). The Releasing Parties shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of Unknown Claims; further, with respect to any and all of the Released Claims, including any and all Unknown Claims, that (i) Releasing Parties shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

14

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT
TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
DEBTOR OR RELEASED PARTY;

(ii) The Releasing Parties also shall be deemed to waive any and all provisions, rights, and

benefits conferred by any law of any state or territory of the United States, or principle of

common law, which is similar, comparable, or equivalent to California Civil Code § 1542;

and (iii) The Releasing Parties acknowledge that they may discover facts in addition to or

different from those that they now know or believe to be true with respect to the subject

matter of this release, but that it is the intention of the Releasing Parties to fully, finally,

and forever settle and release with prejudice any and all Released Claims, including any

and all Unknown Claims, hereby known or unknown, suspected, or unsuspected, which

now exist, or heretofore existed, or may hereafter exist, and without regard to the

subsequent discovery or existence of such additional or different facts. The Parties

acknowledge, and the Releasing Parties shall be deemed to have acknowledged by

operation of the entry of a final order and judgment approving the Settlement, that the

foregoing waiver was separately bargained for and is a key element of the Settlement of

which this release is a part.

## <u>SCOPE AND EFFECT OF SETTLEMENT</u>

2.      The obligations incurred pursuant to this Stipulation are (a) subject to

approval by the Court and the Judgment, reflecting such approval becoming Final; and (b)

in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims.

3.      For purposes of this Settlement only, the Parties agree to: (i) certification of the Action as a class action, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶ 1(ll); (ii) the appointment of Lead Plaintiffs as Class Representatives for the Settlement Class; and (iii) the appointment of Co-Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

4.      By operation of the Judgment, as of the Effective Date, Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and their respective officers, directors, employees, consultants, accountants, attorneys, insurers and reinsurers, affiliated persons and entities, control persons, sponsors, parents, subsidiaries, beneficiaries, heirs, successors, predecessors, assigns, attorneys, agents, and auditors, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Claims against each of the Released Defendant Parties, and shall forever be barred and enjoined from prosecuting any and all of the Released Claims against any of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund.

5.      By operation of the Judgment, as of the Effective Date, the Released Defendant Parties, on behalf of themselves and their respective officers, directors, employees, consultants, accountants, attorneys, insurers and reinsurers, affiliated persons

16

and entities, control persons, sponsors, parents, subsidiaries, beneficiaries, heirs, successors, predecessors, assigns, attorneys, agents, and auditors, in their capacities as such, shall have fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendants' Claims against each of the Released Plaintiff Parties and each other, and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims against any of the Released Plaintiff Parties and each other.

6.    Notwithstanding ¶¶4-5 above, nothing in the Judgment (or the Alternate Judgment, if applicable), shall bar any action by any of the Parties to enforce or effectuate the terms of this Settlement, including the Stipulation or the Judgment (or Alternate Judgment, if applicable).

## THE SETTLEMENT CONSIDERATION

7.    In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶ 4-5, above, all of which the Parties agree are good and valuable consideration, Defendants shall pay, or cause to be paid, the Settlement Amount, comprised of $3,750,000 to be paid into the Escrow Account specified by Plaintiffs within thirty (30) calendar days of the later of: (a) the Court entering an order granting preliminary approval of the Settlement, or (b) Lifecore's receipt of the bank name and ABA routing number, address, account name and number,  a signed W-9 on the most recent form available on the IRS website, banking verification, and the name and contact information, including his/her telephone number, from Plaintiffs of the person who can provide oral verification of all such payment instruction information provided.

8.      Plaintiffs and each of the Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all claims that are released hereunder. With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶ 7, and Defendants' obligations under ¶¶ 21 and 36, Defendants and Defendants' Counsel shall have no obligation to pay any additional amounts, nor any responsibility for, interest in, or liability whatsoever with respect to: (i) fees, expenses, costs, Taxes, liability or damages whatsoever alleged or incurred by Plaintiffs or any Settlement Class Member, or by any of their attorneys, experts, advisors, agents or representatives with respect to the Action and Released Claims; (ii) any act, omission, or determination by Co-Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (iii) the management, investment, distribution, or allocation of the Settlement Fund; (iv) the Plan of Allocation; (v) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (vi) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vii) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

9.      Released Defendant Parties shall have no further or other liability or obligations to Plaintiffs, Co-Lead Counsel, or any Settlement Class Member with respect to the Released Claims, except as expressly stated herein.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

10.    The Settlement Fund shall be used to pay the following costs and expenses in the Action: (i) any Taxes; (ii) Notice and Administration Expenses; (iii) any attorneys' fees and expenses awarded by the Court and any awards to Lead Plaintiffs; (iv) any other fees and expenses awarded by the Court; and (v) the claims of Authorized Claimants. The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court.

11.    The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 22-34 hereof. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all interest and earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court. At the written direction of Co-Lead Counsel, the Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the

funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All investment risks of the Settlement Fund shall be borne solely by the Settlement Fund.

12.     After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund, plus any interest accrued thereon, as a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1. In addition, Co-Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this ¶ 12, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Co-Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur. Consistent with the foregoing:

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation §1.468B promulgated thereunder, the "administrator" shall be the Co-Lead Counsel or their successors, who shall timely and

properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this ¶ 12. Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

(b)    All Taxes shall be paid out of the Settlement Fund. In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority or any expenses associated therewith. Defendants shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority.

(c)    Taxes with respect to the Settlement Fund and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Co-Lead Counsel out of the Settlement Fund without prior order from the Court or approval by Defendants. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts

that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this ¶ 12.

13.     This is not a claims-made settlement. As of the Effective Date, Defendants, and/or any other person or entity funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason. Released Defendant Parties shall not be responsible or liable for the loss of any portion of the Settlement Fund, nor shall they have any liability, obligation, or responsibility for the payment of claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund, including those in ¶12.

## ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO LEAD PLAINTIFFS

14.     Co-Lead Counsel, on behalf of all Plaintiffs' Counsel and any other attorneys with the consent of Co-Lead Counsel, will apply to the Court for an award from the Settlement Fund of attorneys' fees and reimbursement of expenses incurred in prosecuting the Action, including reimbursement to Plaintiffs pursuant to the PSLRA, plus earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.

15.     Any attorneys' fees, reimbursement of expenses, and/or awards to Lead Plaintiffs awarded by the Court shall be paid from the Settlement Fund to Co-Lead Counsel immediately after entry of the Court order awarding such attorneys' fees, reimbursement of expenses, and awards to Lead Plaintiffs and entry of the Judgment, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal

therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof. Co-Lead Counsel shall allocate any Court-awarded attorneys' fees, reimbursement of expenses, and awards to Lead Plaintiffs.

16.     Any payment of attorneys' fees, reimbursement of expenses, and/or awards to Lead Plaintiffs pursuant to ¶¶ 14-15 above shall be subject to Co-Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same rate as is earned by the Settlement Fund, if any, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order. Co-Lead Counsel shall make the appropriate refund or repayment no later than fifteen (15) business days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

17.     With the sole exception of Defendants' obligation to cause the payment of the Settlement Amount into the Escrow Account as provided for in ¶ 7, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Co-Lead Counsel in the Action that may occur at any time.

18.     Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any awarded attorneys' fees, expenses, and/or awards to Lead

Plaintiffs in the Action, or to any other Person who may assert some claim thereto in the Action. The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees, expenses, or awards to Lead Plaintiffs ordered by the Court.

19.    The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees, expenses, or awards to Lead Plaintiffs, in an amount less than the amount requested by Co-Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Defendant Parties, or any other orders entered pursuant to the Stipulation. Lead Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 40 or otherwise based on any objection or appeal with respect to fees or expenses awarded in the Action or the Court's or an appellate court's ruling with respect to fees and expenses awarded in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

20.    As part of the Preliminary Approval Order, Co-Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying claims, under Co-Lead Counsel's supervision and subject to the jurisdiction of

the Court. With the sole exception of Defendants' obligation to pay (or cause to be paid) the Settlement Amount into the Escrow Account as provided for in ¶ 7, none of the Released Defendant Parties, shall have any responsibility for, interest in, authority, or liability whatsoever with respect to:  (i) the selection of the Claims Administrator, (ii) any act, omission, or determination by Co-Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (iii) the Plan of Allocation; (iv) the management, investment, or disbursement of the Settlement Fund, (v) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund, (v) any loss suffered by, or fluctuation in value of, the Settlement Fund, or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

21.    Prior to the Effective Date, and after the Court enters the Preliminary Approval Order, without further approval from Defendants or further order of the Court, up to two hundred and fifty thousand dollars ($250,000.00) of the Settlement Amount may be used for Notice and Administration Expenses actually incurred, which shall be limited to reasonable costs. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing or emailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the

submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees and Taxes, shall not be returned or repaid to Defendants, any of Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount. Defendants shall have no responsibility for, and no liability whatsoever with respect to, notice to the Settlement Class or any Notice and Administrative Expenses, except that Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005 ("CAFA"), if any, at their own expense, no later than ten (10) calendar days following the filing of this Stipulation with the Court.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

22.    The Claims Administrator, subject to such supervision and direction of Co-Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. Defendants and Defendants' Counsel shall have no responsibility for (except as stated in ¶¶ 7 and 36 hereof), involvement in, interest in, or liability, obligation, or responsibility whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability, obligation, or responsibility whatsoever to the Settlement Class in connection with such administration.

23.    After the Effective Date has occurred, Co-Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for an order authorizing a distribution of the Net

Settlement Fund and approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted in connection with the Settlement.

24.     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund, as long as the Authorized Claimant will receive at least $10.00.

25.     Defendants shall have no role in the development of, and will take no position with respect to, the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 40 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

26.     If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and Administration Expenses,

27

Taxes, attorneys' fees and expenses, and any awards to Plaintiffs, the Claims Administrator shall, if feasible, reallocate such balance in an equitable and economical fashion among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00. These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.

**ADMINISTRATION OF THE SETTLEMENT**

27.     Any Settlement Class Member who fails to submit a valid Claim Form (substantially in the form of Exhibit A-2) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and all releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

28.     Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Co-Lead Counsel shall have the discretion, but not the obligation, to advise the Claims Administrator to waive what Co-Lead Counsel deem to be *de minimis* or formal or technical defects in any Claim Form submitted, or to accept untimely claims if distribution of the Net Settlement Fund will not be materially delayed thereby. Co-Lead Counsel shall bear no responsibility for the exercise or non-exercise of this discretion. Defendants and Defendants' Counsel shall have no involvement with or liability, obligation or

responsibility whatsoever for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging claims.

29.    For purposes of determining the extent, if any, to which a claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the notices, unless such deadline is extended by Co-Lead Counsel in their discretion or by Order of the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Co-Lead Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind asserting any Released Claim against any Released Defendant Party. A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Co-Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under supervision of Co-Lead Counsel, shall notify, in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any claimant whose timely claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

30.    Each claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not

limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim. In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement.

31.     Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all claimants. All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

32.     All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

33.     No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (i.e., ¶¶ 27-34) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

34.     No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or other agent designated by Co-Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

35.     Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Co-Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

36.     Lifecore shall provide to Co-Lead Counsel or the Claims Administrator, at no cost to Plaintiffs or the Settlement Class, within ten (10) calendar days of execution of this Stipulation, a list in electronic searchable form (such as Excel) of the names and addresses of Persons who purchased or otherwise acquired Lifecore securities during the Class Period, to the extent that information is available to Lifecore from its transfer agent.

## TERMS OF THE JUDGMENT

37.     If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

38.    The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)    entry of the Preliminary Approval Order;

(b)    payment of the Settlement Amount into the Escrow Account;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)    approval by the Court of the Settlement, following notice to the Settlement Class, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(e)    a Judgment, substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final, or in the event that an Alternate Judgment has been entered, the Alternate Judgment has become Final; provided however, Defendants shall have the option to terminate the Settlement in the event that the Alternate Judgment does not provide for the dismissal with prejudice of the Action against any Defendant.

39.    Upon the occurrence of all of the events referenced in ¶ 38 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the releases set forth in ¶¶4-5 shall be effective.

## WAIVER OR TERMINATION

40.    Defendants and Lead Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so,

through counsel, to all other Parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter the proposed Judgment in any material respect; or (iv) the date upon which the Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States. For the avoidance of doubt, however, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or litigation expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

41.    In addition to the foregoing, Defendants, in their sole discretion, shall also have the right to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached.  Simultaneously herewith, Defendants' Counsel and Co-Lead Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Defendants shall have the right, in their sole discretion, to terminate the Settlement and render this Stipulation null and void in the event that Settlement Class Members' requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold"). Prior to Defendants' exercise of a right to withdraw from the Settlement, the Parties shall have an opportunity to seek retraction of any request of a Settlement Class Member to be excluded from the Settlement

Class. The Supplemental Agreement sets forth the conditions under which such a retraction right is triggered. The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 46-48 which shall continue to apply.

42.    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Upon receiving any request for exclusion, Co-Lead Counsel shall promptly, and no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

43.    In addition to all of the rights and remedies that Lead Plaintiffs have under the terms of this Stipulation, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 7 above, but only if Lead Plaintiffs have first provided written notice of

the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within five (5) business days of such written notice.

44.    If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code, applicable state law, or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered and the Parties shall be restored to their litigation positions as of November 4, 2025.

45.    If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 40-44 above: (i) neither Defendants nor Lead Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Lead Plaintiffs, as applicable.

46.    With the exception of the provisions of this paragraph and ¶¶ 44-45 which shall continue to apply, in the event the Settlement is not approved by the Court, or the Settlement is terminated for any reason as set forth herein or cannot become effective for any reason, then the Settlement shall be a nullity and without prejudice, and none of its

terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action on November 4, 2025; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered. In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation, shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiffs, in any court filing, deposition, at trial, or otherwise.

47.    In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid into the Escrow Account, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to those who funded the Settlement Amount within fifteen (15) calendar days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Co-Lead Counsel. At the request of Defendants' Counsel, the Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

## NO ADMISSION OF WRONGDOING

48.    Except as set forth in ¶ 49 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation,

proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the Released Defendant Parties with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever, or of any infirmity in any of the Defendants' defenses;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class, as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

49.    Notwithstanding ¶ 48 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment

bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

      50.    The Parties shall request that the Court enter a Contribution Bar Order in the Final Order and Judgment as follows: To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay, are obligated to pay, agree to pay, or that are paid on their behalf to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under state, federal, or foreign law as claims, crossclaims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. The foregoing text (beginning with the colon) shall be referred to herein as the "Bar Order." For avoidance of doubt, nothing in the Bar Order shall bar or otherwise affect any claim for insurance coverage, indemnity, or advancement by any Defendant or any other Released Parties.

## MISCELLANEOUS PROVISIONS

51.    All of the exhibits to the Stipulation, except any plan of allocation to the extent incorporated in those exhibits, and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

52.    The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Plaintiffs' Claims and Released Defendants' Claims. Accordingly, the Parties agree not to make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the amount paid and the other terms of the Settlement, with the help of a mediator, were negotiated at arm's length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

53.    The Parties agree that except as expressly provided herein, or as may otherwise be required by law (including in Lifecore's public disclosures and filings with the U.S. Securities and Exchange Commission), in response to any media inquiry regarding the fact of settlement or the terms of the Settlement, or regarding the amount of any payments made or claims released pursuant to the Settlement, the Parties shall state only that the matter was resolved through settlement and shall provide no further comment,

explanation, or description of the Settlement, other than a statement that the Settlement is in the best interests of the Parties, the terms of which are publicly available. In addition, pending final settlement approval, each of the Parties shall not directly or indirectly, individually or in concert with others, engage in any conduct or make, or cause to be made, any statement, observation, or opinion, or communicate any information (whether oral or written) that is calculated to or is likely to have the effect of in any way as to the other Party: (i) undermining, defaming, or otherwise in any way reflecting adversely or detrimentally upon Lead Plaintiffs, the Released Defendant Parties, or any of Lifecore's current and former directors, officers, employees, representatives, or affiliates; or (ii) accusing or implying that Lead Plaintiffs, the Released Defendant Parties, or any of Lifecore's current and former directors, officers, employees, representatives, or affiliates engaged in any wrongful, unlawful, or improper conduct.

54.    This Stipulation, along with its exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors.

55.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

56.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses and awards to lead Plaintiffs, and implementing and enforcing the terms of this Stipulation.

57.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party, or a waiver by any Party of any other prior or subsequent breach of this Stipulation.

58.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

59.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

60.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

61.     All designations and agreements made, or orders entered during the course of the Action, relating to the confidentiality of documents or information shall survive this Stipulation.

62.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via email in pdf format shall be deemed originals.

63.     This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment substantially in the form of Exhibit B hereto and

the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

64.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Released Parties.

65.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of Minnesota without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

66.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties and the Parties' respective counsel, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

67.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

68.     The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Co-Lead Counsel's Fee and Expense Application, and to agree promptly upon, take all

actions, and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

69.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and Defendants' Counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. While retaining their right to assert that the claims asserted in the Action had merit, Plaintiffs and Plaintiffs' Counsel will not assert that the Action was defended in bad faith, and shall not suggest that the Settlement constitutes an admission of any claim or defense alleged. In all events, Plaintiffs and Plaintiffs' Counsel and Defendants and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by either party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

70.    Except as otherwise provided herein, each party shall bear its own costs.

71.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all private and confidential settlement discussions, negotiations, draft settlement agreements and any related documents, and mediation submissions and communications that occurred in connection with the Stipulation confidential.

72.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 15, 2026.

**SIGNED**:

| | |
|---|---|
| **POMERANTZ LLP** | **LATHAM & WATKINS LLP** |
| */s/ Brenda Szydlo* | */s/ Andrew R. Gray* |
| Jeremy A. Lieberman (*pro hac vice*)<br>Brenda Szydlo (*pro hac vice*)<br>Dean P. Ferrogari (*pro hac vice*)<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>(212) 661-1100<br>jalieberman@pomlaw.com<br>bszydlo@pomlaw.com<br>dferrogari@pomlaw.com | Michele D. Johnson (*pro hac vice*)<br>Andrew R. Gray (*pro hac vice*)<br>Spencer L. Chatellier (*pro hac vice*)<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626<br>(714) 540-1235<br>michele.johnson@lw.com<br>andrew.gray@lw.com<br>spencer.chatellier@lw.com |
| **THE ROSEN LAW FIRM, P.A.** | **LATHAM & WATKINS LLP** |
| */s/ Phillip Kim* | Nicholas Siciliano (*pro hac vice*)<br>330 North Wabash Ave., Suite 2800<br>Chicago, IL 60611<br>(312) 777-7021<br>nicholas.siciliano@lw.com |
| Phillip Kim (*pro hac vice*)<br>Ha Sung (Scott) Kim (*pro hac vice*)<br>275 Madison Avenue, 40th Floor<br>New York, New York 10016 | |

(212) 686-1060
philkim@rosenlegal.com
skim@rosenlegal.com

*Co-Lead Counsel for Plaintiffs and the Proposed Class*

**CUNEO GILBERT & LaDUCA, LLP**
Robert K. Shelquist (#21310X)
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
(612) 254-7288
rshelquist@cuneolaw.com

*Liaison Counsel to Plaintiffs and the Proposed Class*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Carl Malmstrom
111 W. Jackson St., Suite 1700
Chicago, IL 60604
(312) 984-0000
malmstrom@whafh.com

*Additional Counsel for Plaintiff Hugh Robert Holmes*

**DORSEY & WHITNEY LLP**
James K. Langdon (#0171931)
Michael Rowe (#0392598)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600
langdon.jim@dorsey.com
rowe.michael@dorsey.com

*Attorneys for Defendants Lifecore Biomedical, Inc., Albert D. Bolles, James G. Hall, Brian McLaughlin, and John Morberg*